Tucker, P.
The appeal being from the dismission of the bill as to the sureties, and nothing more, Christian is out of the case here. As to the insurance money: the house, it is true, was insured by mistake, as leasehold property. The title of the assured was in fact a fee simple. The policy was, therefore, a covenant for the protection of real estate, though it was by mistake described as a term of years renewable forever. The covenant followed the title to the property, and on the death of Harrison, the assured, devolved to his heirs, for they are expressly named in the policy. The Mutual Assurance Society covenanted to Harrison, his heirs &c. and he bound himself, his heirs Sic. to the society. This covenant being broken after Harrison’s death, the right to the insurance money was in his heirs, The administrator Christian having received what belonged *373 to the heirs, he is debtor for the amount to them, not to his intestate's estate. ; Therefore, the sureties bound in his administration bond are nowise responsible for it. On this point, this court approves the chancellor’s decree.
The decree was, however, reversed upon some trivial points of mere detail in the report of the administration account in regard to which exceptions had been taken by the appellants, and overruled by the court; and the cause was remanded with directions in relation thereto.